### HARRISON v. MISSOURI–KANSAS & T. R. CO. OF TEXAS.

### No. 11848.

Court of Civil Appeals of Texas. Dallas.

Dec. 7, 1935.

Rehearing Denied Jan. 11, 1936.

Carden, Starling, Carden & Hemphill, of Dallas, for appellant.

C. C. Huff, G. H. Penland, J. M. Chambers, and Touchstone, Wight, Gormley, & Price, all of Dallas, for appellee.

LOONEY, Justice.

W. P. Harrison sued the Missouri-Kansas & Texas Railroad Company of Texas, for damages resulting from personal injuries received on May 6, 1931, in an automobile accident while he and a Mr. Beavers were en route from Dallas to Denison, the automobile in which they were riding belonged to Beavers and was being driven by him at the time.

At the time of the accident, plaintiff was in the employ of the company as an officer in its special service department. It was the duty of the personnel of this department to safeguard the company's properties from trespass, burglaries, thefts, and to detect and cause to be apprehended those guilty of such offenses. Mr. Ellis, who maintained headquarters at Fort Worth, was at the head of the department; J. B. Butler was district special agent, in charge of the Dallas department, including the territory extending from Dallas to Greenville on the north, from Greenville to Mineola, and from Dallas to Waco on the south; W. E. Beavers was traveling special agent of the Dallas district, and plaintiff was the daytime special officer, his duties being to guard defendant's warehouse and yards in the city of Dallas. Henry Lock, formerly was a traveling special officer of the Dallas district, but at the time of the accident was dangerously ill in the company's hospital at Denison, and a few days previously, Mr. Ellis had stated, in the presence of Butler, Beavers, and Harrison that, if desirious of seeing Lock, they had better go soon.

Plaintiff's allegations are to the effect that he was making the trip with Beavers on this occasion on company business under orders from his superiors, and that the negligence of Beavers, in the manner in which he drove the car, was the proximate cause of the accident and plaintiff's injuries, for which he sought the recovery of damages.

The company defended, on the ground, among others, that at the time neither plaintiff nor his fellow officer Beavers was on company business; that their employment did not require or contemplate, in the absence of special instructions, that they should work at the place and in the territory where the accident occurred, and that they had not received such instructions; that at the time they were on a personal mission to pay a visit to Henry Lock, a fellow officer, seriously ill in the company's hospital at Denison; therefore, plaintiff was not entitled to recover, because at the time of the accident he was not in the course of his employment; because Beavers, his fellow officer, was not in the course of his employment, hence negligence on his part, if any, was not chargeable to the company; that Beavers was not guilty of negligence on the occasion; and, furthermore, that the accident and plaintiff's injuries were the result of an unavoidable accident.

Plaintiff's alleged cause of action was supported alone by his own testimony, whilst the defenses alleged were supported by the testimony of a number of witnesses; in fact, on the pivotal issue, that is whether plaintiff was on company business or on a personal mission when injured, plaintiff's testimony was contradicted by some nineteen or twenty witnesses.

In answer to the special issues, the jury found that Butler, district special agent, had not been authorized to send plaintiff to Denison with Beavers on the occasion; that plaintiff did not believe Butler had such authority, and did not understand from any language or conduct of Butler

that he, plaintiff, was expected to accompany Beavers to Denison on company business; that at the time plaintiff was not traveling upon a mission for the company; that his sole purpose in undertaking the trip was to visit Henry Lock; and, furthermore, that he was injured as the result of an unavoidable accident. Based on these findings, the court rendered judgment for defendant, from which plaintiff appealed. These findings are amply supported by evidence and are adopted as our conclusions of fact.

■ When the case was reached for trial, plaintiff announced ready, defendant's counsel announced tentatively, stating that a definite announcement could not be made before 2 o'clock in the afternoon, due to the fact that a material witness, Mr. J. K. Ellis, was in a hospital, and that defendant could not ascertain before 2 o'clock whether the witness could attend. In this situation, in order to save time, the court suggested that the parties proceed to select a jury, and there being no objection, it was so ordered; thereupon came into court a panel of twenty-four jurors out of the general panel for the week, drawn and assigned for service as provided in article 2138, R.S. 1925. Plaintiff's counsel made no demand upon the trial judge to cause the names of all members of the general panel available for service as jurors in such case to be drawn as provided in said article, but proceeded without objection to interrogate members of this panel, and completed the interrogations during the forenoon. It developed that there were on the panel five employees of the Texas & Pacific Railroad, and that Mr. Touchstone, appearing in this cause as counsel for defendant, was also in the service of said company as district attorney; however, it was shown that these jurors were not acquainted with Mr. Touchstone, and each disclaimed any bias or prejudice in the case. In the afternoon, plaintiff challenged the entire panel and asked for a "shake-up," as provided in article 2138, supra; this being denied, counsel for plaintiff challenged, for cause, the five employee-jurors of the Texas & Pacific Railroad, and this being also denied, plaintiff excepted and has assigned error.

We do not think plaintiff brought himself within the terms of article 2138. When the case was reached for trial, instead of asking that a new panel be drawn from the list of jurors available for service, plaintiff waived this right, acquiesced in the court's suggestion, and proceeded to the selection of a jury. While the announcement of defendant was tentative, yet the announcement of both, for the purpose of selecting the jury, was definite. The challenge of the five jurors for cause, not being based on any ground mentioned in the statute (Vernon's Ann.C.C.P.art. 616) as a disqualification to serve in the particular case, but being based upon other grounds, was addressed to the sound discretion of the court, whose action thereon will not be disturbed, unless it appears clearly that a fair and impartial trial was thereby prevented, which we do not think was shown in the instant case. See Couts v. Neer, 70 Tex. 468, 9 S.W. 40; Galveston, H. & S. A. Ry. Co. v. Thornsberry (Tex.Sup.) 17 S.W. 521; Riddles v. State (Tex.Cr.App.) 46 S.W. 1058. All assignments and propositions relating to the organization of the jury are overruled.

After carefully considering plaintiff's propositions Nos. 5 to 14, inclusive, and the assignments of error upon which they are based, we have reached the conclusion that each is without merit and should be overruled without further discussion. But if either of these assignments presents error, our opinion is that the same became and is harmless in view of the finding of the jury that plaintiff's injuries were the result of an unavoidable accident. West Texas Coaches v. Madi (Tex.Com.App.) 26 S.W.(2d) 199, and authorities cited.

■ Defendant assigns error on the action of the court in prefacing each issue as follows: "Do you find and believe from a preponderance of the evidence, etc.," the contention being that the language quoted placed an undue burden on the plaintiff and confused the jury. We do not think the jury could properly have made a finding until they first believed something, and should not have done so. We find no merit in this assignment, and the same is overruled.

■ Defendant insists that, although the jury found that the plaintiff was injured as the result of an unavoidable accident, yet such finding should be disregarded altogether, because the issue as to Beavers' negligence in driving the automobile in which plaintiff was riding was not answered by the jury. The jury did not answer this issue (No. 7), inquiring as to whether or not Beavers was negligent on the occasion, because the court's instruction just

preceding the issue directed the jury not to answer the same, unless they had previously answered either issue No. 5 or No. 6 in the affirmative, and having answered neither in the affirmative, the failure to answer issue No. 7 was in absolute obedience to the instruction of the court. The objection under consideration, in effect, is an objection to the court's charge, and even if tenable under any circumstances, it came too late in the motion for a new trial, but should have been urged before the charge was read to the jury. See article 2185, and numerous cases cited thereunder; vol. 6 Vernon's Annotations, note 478; Swann v. Wheeler (Tex.Com. App.) 86 S.W.(2d) 735.

■■■ Plaintiff contends further that, since the evidence showed that he had sustained serious injuries, the answer of the jury to issue No. 11, to the effect that he sustained no damages as the result of said injuries, being so against the uncontradicted evidence, evinced bias in favor of defendant, and prejudicial against plaintiff.

The record discloses that plaintiff sustained serious injuries to a leg and hip, which would have entitled him to substantial damages if he had but established the liability of defendant; however, having failed in this respect, the answer of the jury to the issue, or whether answered or not, is immaterial. We do not think the jurors were actuated by either bias or prejudice; their findings on the issues on liability being so well supported by evidence, could not well have been otherwise. The mental processes or reasoning of jurors may not be inquired into, unless it is shown that they were improperly influenced as contemplated by article 2234, R.S. 1925. We do not know and have not been informed as to the reasons that actuated the jury in answering special issue No. 11 as they did, but they were required by the court to answer, "What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence, will reasonably compensate the plaintiff for his physical pain and mental suffering, if any," past and in the future, "and for his diminished capacity to work and earn money," if any, past and future, that "resulted directly and proximately from his injuries sustained upon the occasion in question?" Before reaching this issue in regular order, the jury had answered issue No. 6 to the effect that, at the time plaintiff was injured, he was not traveling "upon a mission of the defendant railroad company," and in answer to issue No. 9, found that plaintiff's injuries were received in an unavoidable accident. Having found thus, we think common sense would suggest that plaintiff was not entitled to collect any damages from the defendant. We do not think the jurors intended to say by their verdict that plaintiff had not been damaged at all, but as his injuries were not due to any fault of the defendant, that he was not entitled to collect from it any sum of money as compensation for injuries received for which the defendant was in no sense responsible.

Having considered all assignments and propositions urged by plaintiff for reversal, and finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.