## FARMER et al. v. DENTON, Judge.

### No. 6086.

Court of Civil Appeals of Texas. Amarillo.

June 19, 1950.

McWhorter, Howard, Cobb & Gibson, Lubbock, for relators.

Hay & Hudspeth, Lubbock, for respondents.

PITTS, Chief Justice.

This is an original proceeding in which relators, Ray Farmer and Clifton Cook,

filed a petition for mandamus seeking to compel respondent, Honorable James G. Denton, Judge of the County Court at Law of Lubbock County, to enter a judgment in favor of relators on a jury verdict duly returned into the said court after a trial was had in cause number 5689, styled James G. Morris and State Farm Insurance Companies v. Ray Farmer, d/b/a City Cab Company and Clifton Cook. Relators alleged in a verified petition filed in this court on June 3, 1950, that James G. Morris and State Farm Insurance Companies filed suit in the said court in the said cause against relators as defendants, tendering to relators the sum of $75 and seeking to set aside a compromise settlement and agreement previously made between them and relators because of alleged fraud and also seeking damages from relators by reason of their alleged negligence that resulted in an automobile collision in the City of Lubbock, Lubbock County; that relators joined issues with the said plaintiffs and further alleged that plaintiffs' damages, if any, were caused as a result of the negligence of plaintiff James G. Morris; that on April 27, 1950, the cause proceeded to trial in the said court before the said judge and a jury which resulted in a jury verdict exonerating relators as defendants from any negligence that proximately caused the alleged damages; that the said verdict likewise exonerated plaintiffs of any negligence that proximately caused the damages but that the said jury failed to answer an issue submitted to it on the question of whether or not the automobile collision was the result of an unavoidable accident. Relators further pleaded that the jury found against them on the issues of fraud but such findings were a basis only for setting aside the former agreed settlement and authorizing a hearing on the issues of liability, if any, for the alleged damages. Relators further pleaded that as a result of the trial and verdict of the jury exonerating them from any negligence that proximately caused the damages and therefore exonerating them from liability they were entitled to judgment in their favor and they moved the court for such judgment. They further pleaded that plaintiffs likewise moved for a mistrial on the grounds that the verdict of the jury was conflicting and inadequate for judgment; that after some deliberation respondent, the said trial judge, overruled relators' motion for judgment and sustained plaintiffs' motion for a mistrial and entered a nunc pro tunc judgment after the term of court had expired declaring a mistrial. Relators attached exhibits reflecting the foregoing proceedings to their verified petition filed in this court making them a part thereof, and they are now seeking to have this court, after proper notice and due hearing had, enter its order directing respondent to enter a judgment for them on the said verdict of the jury.

Upon considering the said verified pleading of relators with the exhibits attached thereto and made a part thereof, this court set the matter down for a hearing on June 12, 1950, and ordered respondent served. On June 9, 1950, respondent answered through counsel who had previously represented plaintiffs in the original suit.

In his verified answer respondent accepts as true a large part of relators' pleadings as to the procedure had in the cause presented between the parties but pleads that the case between the said parties was tried on April 27th and 28th, 1950, at which time the jury verdict was rendered and the term of court at which the case was tried expired on April 30, 1950, without a motion for judgment having been filed or a judgment of any kind having been rendered. Respondent further pleads that relators filed their motion for judgment on May 11, 1950, after the term of court at which the case was tried had expired, that soon thereafter plaintiffs filed a motion for a mistrial and that on May 25, 1950, respondent, though ill-advised in the matter, entered a nunc pro tunc order overruling relators' motion for judgment and declaring a mistrial in the case. For the reasons pleaded respondent contends that inasmuch as the trial court would not have authority under the facts and circumstances to enter a judgment nunc pro tunc or otherwise on the jury verdict after the term of court had expired, this court would be without jurisdiction to direct that such be done.

On June 10, 1950, relators filed a verified pleading in reply to respondent's answer filed on the previous day. The issues are clearly drawn and well presented by the parties, who agreed to submit them to this court without oral argument or personal appearances.

An examination of the jury verdict reveals no conflict in the answers given by the jury but no answer was given to the issue inquiring if the collision of the automobiles that resulted in the damages was an unavoidable accident. The jury had previously found by their answers that neither the relators nor the plaintiffs were guilty of negligence that resulted in the damages, thus the issue of unavoidable accident became immaterial. Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869; Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368. Before the party plaintiffs in the original action could recover damages from relators they must allege and prove a cause of action against relators; that is, they must have procured findings to the effect that relators were guilty of negligence that proximately caused the collision which resulted in the damages. American General Ins. Co. v. Fort Worth Transit Co., Tex.Civ.App., 201 S.W.2d 869, and other authorities there cited. This the plaintiffs failed to do. On the contrary, the jury exonerated relators from such liability. It is true that respondent contends that, although the jury exonerated relators from negligence in a failure to stop at a stop sign before entering the intersection of the streets where the collision occurred, relators were guilty of negligence that proximately caused the damages as a matter of law in that they did fail to stop at the said stop sign and thereby violated the law in a failure to stop at such a stop sign, but such a contention is not a pertinent matter to be heard in a mandamus action such as this. It has been held that the trial court must exercise its ministerial duty and enter its judgment in conformity with the verdict in such a case whether it be correct or not and if error is committed in entering judgment on such a verdict, it can be corrected on a motion for a new trial or on appeal. Friske v. Graham, District Judge, Tex.Civ.

App., 128 S.W.2d 139; American Nat. Ins. Co. v. Sutton, Judge, Tex.Civ.App., 130 S.W.2d 441. However, relators point out that plaintiffs in the original action failed to allege a violation of the law in connection with the allegation of a failure to stop at the stop sign, which allegation must have been made before plaintiffs could complain about the matter in any event.

In the case of W. T. Rawleigh Co. v. Sims, County Judge, Tex.Civ.App., 108 S. W.2d 332, this court held that a failure to answer an immaterial issue, where material issues have been answered, was not a proper basis for the trial court to declare a mistrial, in which event a mandamus would lie to compel the entry of a judgment based upon the material issues answered. That case together with others, was cited in support of such a procedure in the case of Gulf, C. & S. F. Ry. Co. v. Seydler, County Judge, Tex.Civ.App., 132 S.W.2d 453.

As to the question of entering a judgment nunc pro tunc on the jury verdict after the term of court had expired, this court and relators recognize the general rule cited by respondent to the effect that: "A judgment nunc pro tunc presupposes a judgment actually rendered at the proper time, but not entered, and it is a general rule that a judgment nunc pro tunc cannot regularly be entered unless such judgment has been in fact previously rendered." But there is an exception to the general rule here expressed and some of the authorities cited by respondent clearly state that exception, which has been often followed. 34 C. J. 72, § 208, 49 C.J.S., Judgments, § 118b, cited by respondent, lays down that general rule above quoted and follows same with the following rule as an exception: "An exception to this rule, equally well established, is that a judgment may be both rendered and entered nunc pro tunc where the delay was caused solely by the court itself, or by the process of the law, and not by the fault of the prevailing party." Both the foregoing rule and the exception thereto have been quoted and the latter applied in a recent case by the Austin Court of Civil Appeals, Wright v. Longhorn Drilling Corporation, Tex.Civ.App., 202 S.W.2d 285, 288, writ refused, which is a very similar

case to the one at bar. In that case the court says: "The very basis of an entry of a judgment nunc pro tunc is that an injustice is being prevented." In that case the court held that the delay in entering judgment on the jury verdict in term time was caused by the trial court and the process of law and not through any fault of the prevailing party, thus bringing the matter clearly within the exception to the general rule hereinabove quoted. Such is true in the case at bar. It appears from the record that counsel for respondent charges, in effect, that relators were negligent and at fault in their failure to procure a judgment before the term of court expired but respondent as trial judge of the original action refutes such a charge when he stated in his judgment declaring a mistrial that: "* * * the matters in controversy could not be adequately determined before the end of the term of Court in which this cause was tried; and the Court being further cognizant of the fact that the attorneys on both sides have been diligent in their efforts to bring this case to its conclusion and the Court having studied and read the respective motions and briefs of counsel submitted in this cause, it is the opinion of the Court that the Plaintiffs' Motion for Mistrial, based upon the contention that the verdict is inadequate and internally conflicting, and therefore, taken as a whole will not support a verdict for either party, is well taken and should be granted." The same question was raised in the Wright case above cited but such was there decided favorably to the prevailing party. The principal distinctions between the Wright case above cited and the case at bar are that the term of court was extended in the Wright case and the motion for judgment was filed during the extended term but never acted on and a motion for judgment nunc pro tunc was filed after the extended term had expired; while in the case at bar the term of court was not extended and the motion for judgment nunc pro tunc and the motion for a mistrial were both filed after the term of court had expired. In the Wright case a judgment nunc pro tunc was entered some eight months after the term of court had expired while in the case at bar relators presented their motion for judgment, with a suggested form thereof attached thereto, soon after the expiration of the term of court, urged action on the same, and served notice in open court that a mandamus action would be immediately filed when their motion for judgment was overruled and plaintiffs' motion for a mistrial was sustained and such mandamus action was filed immediately thereafter.

It is our opinion that the distinctions made between the Wright case and the case at bar are immaterial and not of any consequence when it comes to applying the proper rules of law to the facts in the case at bar. It thus appears that the rules of law which control the facts in the Wright case are controlling in the case at bar. In support of our position in disposing of the issues here presented in this case we likewise cite the other authorities cited and relied on in the Wright case for the reasons there stated.

A careful examination of relators' petition, respondent's answer and relators' reply, together with all of the record and authorities cited, convinces us that relators clearly brought themselves within the exception to the general rule with references to entering a judgment nunc pro tunc and that they were entitled to a judgment on the verdict of the jury and that it would be an injustice to them to deny them such relief on the basis presented. It therefore appears that relators are now entitled to have a judgment nunc pro tunc entered in their favor and in accordance with the form of judgment attached to relators' motion for such judgment. It further appears that the trial judge sought to justly dispense with the matters presented to him and that he will now voluntarily conform his ruling and decision in the matter to this opinion and enter judgment voluntarily consistent with our views expressed in this opinion, in which event no writ of mandamus will issue; otherwise such a writ will necessarily issue as prayed for.