## SMITH v. MORGAN.

No. 12163.

Court of Civil Appeals of Texas. San Antonio.

Nov. 22, 1950.

Rehearing Denied Jan. 10, 1951.

Heath & Ratliff, and Wm. Kent Ratliff, all of Falfurrias, for appellant.

Paul W. Mason, and Kemp, Lewright, Dyer & Sorrell, all of Corpus Christi, for appellee.

MURRAY, Chief Justice.

This suit was instituted by W. C. Smith as plaintiff against J. S. Morgan as defendant in the County Court of Jim Wells County, seeking to recover damages alleged to have been sustained by plaintiff when his automobile driven by him collided with an automobile being driven by J. S. Morgan. The trial was to a jury and resulted in a judgment that plaintiff take nothing from which judgment W. C. Smith has prosecuted this appeal.

Appellant's first point presents the contention that reversible error was committed in the selection of the jury. The evidence shows that the attorneys for the plaintiff and defendant were each furnished with a list of the prospective jurors, and after they had made their challenges the County Clerk and County Judge looked over the list, and the County Judge, in effect, exercised one challenge himself. Thus one man who would otherwise have been on the jury was left off and another man taken in his place. Neither the attorney for the plaintiff nor the attorney for

940

the defendant knew what happened, although it was done in open court and they could have discovered what happened if they had seen fit to check the list. Before the jury read their verdict the County Judge informed the attorneys that he had exercised one challenge, but neither attorney at that time moved for a mistrial and the jury was permitted to render its verdict without complaint from either side. We overrule this point. The attorney for appellant was not diligent in that he failed to discover that a qualified juror had been improperly excused from the jury. He does not now contend that as a result of this conduct on the part of the judge he was required to accept an obnoxious juror. Furthermore, by his failure to move for a mistrial when he was informed as to what had happened he waived the point. Granger v. State, Tex.Cr.App., 31 S.W. 671; Anderson v. State 142 Tex.Cr.R. 384, 154 S.W.2d 482, 483; Smith v. State, 123 Tex.Cr.R. 47, 57 S.W.2d 132; Rule 434, Texas Rules Civil Procedure.

 Appellant's next point is that the court erred in overruling his objection to Special Issue No. 3, to the effect that said issue was duplicitous. We overrule this contention because appellant did not make any written objections to the charge, as is required by Rule 272, T.R.C.P.

Appellant's third point is overruled for the same reason.

 Appellant's fourth point is that the jury's answer to Special Issue No. 19, to the effect that appellant had not sustained any damage was contrary to the undisputed evidence. We overrule this contention. By the time the jury had reached this issue they had found that the defendant was not guilty of negligence proximately causing plaintiff's damage in any of the respects inquired about, and having done so we may presume that the jury, by their answer to Special Issue No. 19, meant to find that plaintiff was not entitled to recover any damages, rather than that they were actuated by bias or prejudice in answering this issue. Harrison v. Missouri K. T. R R. Co., Tex.Civ.App., 89 S.W.2d 455; Southern Pine Lumber Co. v. Andrade, 132 Tex.

372, 124 S.W.2d 334; Guerrero v. Wright, Tex.Civ.App., 225 S.W.2d 609; Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869. Furthermore, in connection with this issue, the judge instructed the jury in effect that the damage would be the reasonable market value of plaintiff's automobile immediately prior to said collision and the reasonable market value immediately after the collision. The evidence was not sufficient to support a finding of what the difference in market value would be, and therefore the jury was justified in answering Issue No. 19, none, even though the plaintiff did testify as to the cost of having the car repaired.

 By appellant's last point he raises the question that the trial judge should have declared a mistrial because the jury answered all special issues submitted to them as to defendant's negligence in the negative, and also answered all special issues submitted to them as to plaintiff's negligence in the negative, and then, in answer to Special Issue No. 18, found that the collision was not an unavoidable accident. The answers of the jury to these special issues are not in irreconcilable conflict and the trial judge properly refused to grant the mistrial. There were acts of negligence on the part of the plaintiff and the defendant alleged in the pleading which were not submitted to the jury, and we may presume that the jury, in answering Issue No. 18, may have concluded that one of the alleged acts of negligence of the parties which had not been submitted to them was a proximate cause of the collision, and therefore that the collision was not an unavoidable accident. Especially is this true where no statement of facts relating to these acts is brought up with the record. Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W. 2d 97; Big Six Oil Co. v. West, Tex.Civ. App., 137 S.W.2d 950; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; Littlerock Furniture Mfg. Co. v. Dunn, Tex.Sup., 222 S.W.2d 985. Furthermore, it is apparent that the plaintiff could not recover in view of the answer of the jury to the question, regardless of how they answered Issue No. 18. Having found that the defendant was not guilty of any acts of negligence, it be-

came immaterial whether the collision was an unavoidable accident, and, regardless of how the jury would have answered this issue, the plaintiff could not recover. Under such circumstances a mistrial should not be ordered. Farmer v. Denton, Tex.Civ.App., 231 S.W.2d 908; Littlerock Furniture Mfg. Co. v. Dunn, Tex.Sup., 222 S.W.2d 985; Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869; Blanton v. E. & L. Transport Co., 146 Tex. 377, 207 S.W.2d 368.

Accordingly, the judgment of the trial court is affirmed.

POPE, Justice.

I concur in the majority opinion, but wish to express separately my views in connection with the matter of conflicts as presented by this case. I believe the judgment should be affirmed in the face of the point urging that there is a conflict in the findings.

First: The verdict is susceptible of a construction which permits no room for a conflict. The collision could have occurred from any one of four different causes: It could have occurred from one or more of the acts of negligence with which the plaintiff charged the defendant, from one or more of the acts of negligence with which the defendant charges the plaintiff, from an unavoidable accident, or *from a cause not alleged and claimed by either the plaintiff or the defendant, but the cause in fact.* Unless we are content to close our eyes to what so frequently occurs in the trial of a case, we may not assume that the cause was fully pleaded. We may presume that the court submitted every issue pleaded, but this does not mean that every correct issue was in fact pleaded. The jury believed there was no negligence on the issues pleaded and submitted. They also believed that the accident was not unavoidable. This verdict means that the accident resulted from fault of one of the parties which was *not pleaded.* So believing they certainly would find that it was not an unavoidable accident. There is no statement of facts pertaining to the acts of negligence before us, and while I am content to presume the court submitted everything pleaded and raised by the evidence,

I am not content to presume the court submitted everything not pleaded but raised by the evidence. The jury, it is believed, seized upon the cause in fact which was omitted from the pleadings, but inferable from the evidence. Rosenthal Dry Goods Co. v. Hillebrandt, Tex.Com.App., 7 S.W. 2d 521.

That there may be negligence in fact, as distinguished from negligence pleaded and relied upon, is also recognized in Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. 510, 63 S.W. 534, 538, which case struck down a general charge, saying: "We must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it; and, so regarding it, we are of opinion that a jury might not have understood that the general denial made the issue of unavoidable accident, *or that the injury had occurred in a manner not alleged and claimed by the plaintiff,* neither of which issues was expressed in the charge of the court." (Italics mine.)

Unless this is the rule, we require a jury to ignore the cause in fact by reason of the straight jacket in which they are placed by the pleader.

Second: The only way the plaintiff could win his cause of action was by the discharge of his burden of proof both on his primary negligence issues and on the unavoidable accident issue. He obtained the necessary favorable answer to the issue on unavoidable accident by a finding that the collision was not unavoidable, i. e., *somebody* was negligent. He failed on his primary negligence issues because the jury found the defendant was not negligent. The plaintiff, in other words, did not have a single affirmative answer upon which he could win his case. It is argued that the finding that the collision was not an accident raises a conflict. The plaintiff is in no position to claim this conflict as we shall demonstrate. The jurors by their answer to unavoidable accident, have said that either the plaintiff was negligent, or the defendant was negligent, or both of them were negligent, because they have said that the accident could have been avoided.

We shall assume that they mean by this that the plaintiff was negligent. In that instance, the plaintiff still could not win because he had unfavorable answers on his primary negligence issues and also the jurors, we shall assume, have said, by their answers to unavoidable accident, that he was negligent. Therefore, he would not be entitled to win.

We shall assume that the jury meant, by their answer to unavoidable accident, that both the plaintiff and the defendant were negligent. In that instance, there is a conflict.

We shall assume that the jury meant by their answer to unavoidable accident that only the defendant was negligent. Here we have a conflict between the jury answers on primary negligence, finding defendant not negligent, and the answer to unavoidable accident, which we have now construed to mean that he was negligent. But this is more than the jury found. They found that somebody was negligent, and it is urged that we should stretch the finding to mean that the defendant was negligent. It would be just as logical to reach the conclusion that the plaintiff was negligent. For the plaintiff to be in a position to complain he must show a conflict with *his* issues. A finding that *neither* was negligent, on its face conflicts with a finding that the plaintiff was negligent, or that the defendant was negligent. But a finding that *either* was negligent does not mean that the plaintiff was negligent or that the defendant was negligent. It requires a guess as to which one of two persons was negligent. In the former instance it is not left to surmise. In Blanton V. E. L. Transport Co., 146 Tex. 377, 207 S.W.2d 368, a finding that the collision was unavoidable, and hence that neither plaintiff nor defendant was negligent, left room for a finding on the face of the verdict as to primary and contributory negligence issues that this was not so, and that one of them was negligent. This, one does not have to guess about. We are called on here to do more than look at the conflicts on the face of the verdict. We are called on to exclude a possibility and take another one which is no more prob-

able than the other. In other words, we are called on to create a conflict by surmise. I do not believe the doctrine should be pressed to this point. Brown v. Dallas Gas Co., Tex.Civ.App., 42 S.W.2d 869, like the instant case, was one in which both primary and contributory negligence issues were answered negatively. In such a case, it became immaterial how the unavoidable accident issue was answered. The Supreme Court in the Blanton case discussed this authority and approved it. Plaintiff has failed to show any conflict with his issues apparent on the face of the verdict.

Third: There is still another reason I believe the judgment should not be reversed even though there are conflicting findings. When a case is submitted on special issues, a conflict between a special finding and a general verdict should be controlled by the specific. Had the court submitted, without breaking the negligence into its specific parts, the single plaintiff's issue: Do you find from a preponderance of the evidence that the defendant was negligent? it would have been objectionable because it would be a general charge. Yet, in that same special issue charge, by some slight of hand, it has become quite all right to lump together in a single issue a question inquiring not only about negligence but also proximate cause, and not only as they relate to plaintiff, but also, the defendant. After litigating about the granulated (1) negligence of the defendant, and (2) of the plaintiff; the (3) proximate cause of the defendant, and (4) of the plaintiff, as has been suggested by one writer, the jury is cross-examined as to all of them by submitting in a single issue an inquiry as to unavoidable accident. Though clothed in the vestments of a special issue, unavoidable accident is a general charge, if we are to apply the rules equally. Putting a saddle on a duck does not make it a horse.

Unavoidable accident, as an issue, is proper only as a suggestion to the jury that they are not compelled to find one of the parties at fault. The Supreme Court has said so. Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301.

Either this doctrine is correct or the doctrine which entitles a party to use it as a matter of right to raise a conflict is correct. The right to raise a conflict is something more than advice to the jury. It gives controlling importance to the general over the specific.

Because we have failed to apply the same rules to the general charge of unavoidable accident that we apply in the case of a special issue, we are now faced with the paradox of having a rule which works only one way when we come to the matter of conflicts.

Once all the possible situations have been decided, it is believed that the practicing attorney will need a table similar to a table of logarithms, in order to determine what the jury meant. Conflicting decisions pertaining to conflicting answers is the inevitable result unless the unavoidable accident issue is limited to the use that our Supreme Court has expressly assigned to it. To escape the path we are following, it is believed that we must recognize the unavoidable accident issue for exactly what it is—a suggestion. Intellectual honesty requires us to treat it as a general issue. Treated in this simple manner, the specific controls the general. Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001; Harbin v. City of Beaumont, Tex. Civ.App., 146 S.W.2d 297; Leonard v. Young, Tex.Civ.App., 186 S.W.2d 81; New St. Anthony Hotel Co. v. Pryor, Tex.Civ. App., 132 S.W.2d 620; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; Cuniff v. Bernard Corp., Tex.Civ.App., 94 S.W.2d 577; Bragg v. Hughes, Tex.Civ.App., 53 S.W.2d 151; Peeler v. Smith, Tex.Civ. App., 18 S.W.2d 938; St. Louis S. W. Ry. Co. of Texas v. Miller & White, Tex.Civ. App., 176 S.W. 830; 53 Am.Jur., Trial, § 1140; 64 C.J., Trial, § 965; 41 Tex.Jur., Trial, § 360.

NORVELL, Justice dissenting.

As it seems necessary to set out certain issues with the jury's answers thereto, I shall for clarity use the trial court's designation of the parties. W. C. Smith, the plaintiff below and appellant here, filed a motion for a mistrial on the ground that the jury's findings were conflicting. In my opinion the trial judge erred in overruling this motion and appellant's point which so asserts should be sustained.

The jury in this case made the following special findings (conditionally submitted and subsidiary issues are omitted):

"Special issue No. 1

"Do you find from a preponderance of the evidence that J. S. Morgan (defendant), at the time and on the occasion in question, failed to keep a proper lookout?

"Answer 'No' * * *

"Special issue No. 3

"Do you find from a preponderance of the evidence that J. S. Morgan (defendant), at the time and on the occasion in question, was driving said automobile while intoxicated and while under the influence of intoxicating liquor?

"Answer 'No' * * *

"Special issue No. 6

"Do you find from a preponderance of the evidence that the failure of J. S. Morgan (defendant) to turn the automobile to the right immediately before the collision was negligence?

"Answer 'No' * * *

"Special issue No. 9

"Do you find from a preponderance of the evidence that as he approached the place of collision, the plaintiff (W. C. Smith) failed to give a plainly visible or audible signal indicating his intention to make a left turn?

"Answer 'No' * * *

"Special issue No. 11

"Do you find from a preponderance of the evidence that as he approached the place of collision, the plaintiff (W. C. Smith) failed to discover the presence of the defendant's automobile?

"Answer 'No' * * *

"Special issue No. 14

"Do you find from a preponderance of the evidence that immediately prior to the collision in question the plaintiff (W. C. Smith) failed to maintain a proper lookout?

"Answer 'No' * * *

"Special issue No. 16

"Do you find from a preponderance of the evidence that the plaintiff (W. C. Smith), as he approached the place of collision, failed to have his car under such control as a person of ordinary prudence would have had, under the same or similar circumstances.

"Answer 'No' * * *

"Special issue No. 18

"Do you find from a preponderance of the evidence that the collision in question was not an unavoidable accident?

"Answer 'It was not an unavoidable accident'."

Unavoidable accident was defined as "an accident which happens without negligence on the part of either party." This definition includes the element of causal connection, although not stated in the usual "proximate cause" form.

Necessarily, the jury, by finding from a preponderance of the evidence that the collision did not happen without negligence on the part of either party, found that the collision did happen with negligence on the part of the defendant or the plaintiff or both of them. This result is arrived at by eliminating the double negative comprised of the words, "not" and "without".

While some of the issues submitted may have been evidentiary rather than ultimate in character, it can not be gainsaid that the jury found by its verdict that:

1. It *was not proved* by a preponderance of the evidence that the plaintiff was negligent.

2. It *was not proved* by a preponderance of the evidence that the defendant was negligent.

3. It *was proved* by a preponderance of the evidence that the collision was not an unavoidable accident, that is, as above pointed out, it *was proved* by a preponderance of the evidence that the collision occurred by reason of the negligence of the plaintiff, or the defendant, or both of them.

The inconsistency *upon the face of the verdict* is obvious, and no argument is necessary to demonstrate this fact.

It is, however, suggested that the judgment based upon this inconsistent and conflicting verdict may be saved by indulging a presumption that the plaintiff or the defendant or both of them were guilty of some act of negligence not submitted to the jury by the trial court. In this particular case such presumption would have to be boldly constructed out of thin air, as there is nothing in the statement of facts which would support a finding that the plaintiff or the defendant, or both of them were negligent in some particular way not inquired about by the trial court. The statement of facts apparently does not contain all the evidence adduced upon the trial below. An abbreviated statement of facts is permitted by the Rules of Civil Procedure, Rules 377, 377–a and 378, and I do not believe appellant was required to bring up all the testimony to overturn the suggested presumption. In my opinion, such presumption is wholly unauthorized and without precedent in a special issue case.

When special findings are desired, Rule 277, T.R.C.P., requires the judge in a jury case to submit the cause "upon special issues raised by the written pleadings and the evidence in the case". It would therefore seem that we should presume that the trial judge performed his duty and followed the stated rule by submitting all the issues of negligence properly raised, and that the evidence would have supported either affirmative or negative findings upon said issues. The record does not indicate that either party waived a jury determination of any disputed question of fact, and it seems to me that there is no basis for assuming that the case was not completely covered by the special issues submitted to the jury.

Perhaps a more serious matter is presented by the peculiar nature of the defense of unavoidable accident as used in our special issue practice. This defense is somewhat of an anomaly and does not readily fit into usual classifications, nor is it always subject to general rules. It is a rebuttal defense rather than a true affirmative defense, such as contributory negli-

gence. By the defense of unavoidable accident, it is asserted that the allegations of the petition are not true, in that the injury was not caused by defendant's negligence as alleged in the petition. Galveston, Harrisburg & San Antonio Ry. Co. v. Washington, 94 Tex. 510, 63 S.W. 534; Horton & Horton v. House, Tex.Com.App., 29 S.W.2d 984. While an answer favorable to the defendant upon the unavoidable accident issue, standing alone, will support a judgment for the defendant, the same is not true as to the plaintiff, and for this reason it is urged that despite an admitted conflict involving the issue, a plaintiff is not entitled to a new trial. It seems to me that this argument simply asserts that the unavoidable accident issue is available to the defendant to create a conflict and secure a new trial, but is not available to the plaintiff for such purposes. When the plaintiff is successful upon his specific charges of negligence against the defendant but the defendant is successful upon his rebuttal defense of unavoidable accident, we have jury findings that:

1. It *is proved* by a preponderance of the evidence that defendant was negligent.

2. It is not proved by a preponderance of the evidence that the collision is not an unavoidable accident.

Here there is a conflict and a new trial must be granted, for, as stated by the Commission of Appeals in Colorado & S. Ry. Co. v. Rowe, 238 S.W. 908, 910, "If a finding that the defendant was negligent was a negative finding that there was no accident, likewise, a finding that death resulted from accident would have been a negative finding that there was no negligence."

In other words, when the evidence raises the accident issue, the plaintiff in order to prevail must (1) prove his alleged specific acts of negligence, and (2) successfully negative the theory of injury resulting from an unavoidable accident. Success on the first requirement may be offset by failure on the second requirement and a new trial ordered because of conflict in findings.

The only difference between the example given of conflict inuring to the benefit of the defendant and the conflict disclosed in the present record is that here the effect of the unavoidable accident finding is to establish by a preponderance of the evidence that the collision in question was caused by the negligence of the defendant or the plaintiff or both of them. It is, of course, possible that the jury may have believed that the collision was not the result of an unavoidable accident because the plaintiff was negligent. This would conflict with the jury's findings that plaintiff was not negligent, but would perhaps be compatible with the theory that defendant was not negligent. I do not believe we should adopt this tortuous argument embodying possibilities and speculation in order to save the judgment. We know that the jury has made a mistake and returned a conflicting verdict, and we should not attempt to save the judgment resulting from that mistake upon the surmise that the conflict relates to the plaintiff's conduct rather than to that of the defendant. It is my opinion that when material, a conflict involving the unavoidable accident issue should be as available to the plaintiff as to the defendant for the purpose of obtaining a new trial. I see no reasonable nor practicable basis for making fish of one and fowl of the other. I believe the Galveston Court of Civil Appeals directly and correctly passed upon the question here involved in Bishkin v. Campbell, 107 S.W.2d 919. I would follow that decision and reverse the judgment of the trial court. I dissent from the order of affirmance.