## CITY OF GALVESTON v. ROWAN et al.

Circuit Court of Appeals, Fifth Circuit. July 5, 1927.

No. 4945.

**1. Municipal corporations ⬅⟹725—City is not liable for acts in discharge of governmental functions, but is liable for negligence in exercising corporate functions.**

A city is not liable in damages for injuries caused by acts of its officers or employees in the discharge of purely governmental functions as an agency of the state, but is responsible for negligence or breach of duty occurring in the exercise of its corporate and ministerial functions, performed for the benefit or convenience of 'its own people, and not as a duty to the public at large.

**2. Municipal corporations ⬅⟹723—Relationship of "master and servant" exists between city and employees in its corporate capacity, and city is liable for negligence.**

As between a city and those employed by it in its corporate capacity, the relation of "master and servant" exists, and city is responsible for failure to discharge duties incident thereto, such as using reasonable care to furnish a reasonably safe place to work.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Master and Servant.]

**3. Municipal corporations ⬅⟹733(3)—City lighting roadway on sea wall held not performing "governmental function," exempting it from liability for lineman's death.**

City of Galveston, maintaining line of poles and wires for lighting roadway of sea wall with electric lights, *held* not performing a "governmental function," exempting it from liability for death of lineman.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Governmental Function.]

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Action by Rosa L. Rowan and others against the City of Galveston. Judgment for plaintiffs (13 F.[2d] 257), and defendant brings error. Affirmed.

Bryan F. Williams, of Galveston, Tex., for plaintiff in error.

M. G. Adams, of Beaumont, Tex., and D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex. (C. W. Howth and Lamar Hart, both of Beaumont, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error brought suit against the city of Galveston to recover damages for the death of her husband, and recovered a verdict of $7,500, on which judgment was entered. Error is assigned to the refusal of the District Court to direct a verdict for plaintiff in error, defendant below.

The material facts are admitted. The city of Galveston has the right under its charter to provide for and regulate the lighting of its streets. The city operates a line of poles and wires for the purpose of lighting the roadway of the sea wall with electric lights, but does not operate a plant to generate the electricity, and does not supply current for profit to private parties through this system. The deceased was employed by the city as a lineman. In the course of his employment he placed a ladder against an iron pole and ascended it, for the purpose of trimming the light and supplying it with new carbon. The pole was very much rusted at the base and fell with him, causing injuries from which he died.

The city contends that in lighting the sea wall it is performing a governmental function, and hence cannot be made to respond in damages. In support of this the argument is made that the lighting of streets tends to diminish crime, and aids in the enforcement of law and order, and therefore is for the benefit of the public generally.

The question presented has continually perplexed the courts, and it would be useless to try to reconcile or differentiate the many conflicting decisions, as the particular facts of each case and the statutes of the state enter largely into the reasons for judgment. We think the weight of authority supports the following conclusions:

[1] A city may not be made to respond in damages for injuries caused by any acts of its officers or employees in the discharge of purely governmental functions as an agency of the state, but is responsible for negligence, or breach of duty, occurring in the exercise of its corporate and ministerial functions, performed for the benefit or convenience of its own people, and not as a duty to the public at large. And in some instances a city may escape liability for its corporate acts if they are ultra vires.

[2] With regard to those employed by it in its corporate capacity, the relationship of master and servant exists, and a city may be held responsible for the failure to discharge a duty incident thereto, such as using reasonable care to furnish a reasonably safe place to work.

[3] As applied to the facts in this case, there is no Texas decision directly in point; but we think the views just expressed are supported by analogous cases decided by the Texas courts. Ostrom v. San Antonio, 94 Tex. 523, 62 S. W. 909; Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Cawthorn v. Houston (Tex. Com. App.) 231 S. W. 701; City of Belton v. Ellis (Tex. Civ. App.) 254 S. W. 1023; Fort Worth v. Crawford, 64 Tex. 202, 53 Am. Rep. 753; City of Greenville v. Branch (Tex. Civ. App.) 152 S. W. 478; City of Tyler v. Texas Employers' Ins. Ass'n. (Tex. Com. App.) 288 S. W. 409.

In Ostrom v. San Antonio, supra, the Supreme Court of Texas held that the removal of garbage was not a governmental function, but was strictly corporate, for the benefit of the inhabitants of the city, and not for the benefit of the public at large, although in that case it was urged that it was necessary in order to preserve the health of the people. In that case the court seems to have held that the only governmental functions of a city in Texas are those exercised in the discharge of duties primarily resting upon the state. If the disposal of garbage is not sufficiently an element of health protection to make it a governmental function, lighting the streets is certainly not enough of an element of police protection to make it such. And, of course, the state would be under no obligation to light the streets of a city.

The city of Galveston, under its charter rights to provide for and regulate the lighting of its streets, had the implied power to operate an electric plant with a system of poles and wires, or to operate the transmission system with power secured by purchase. In doing so, it was not exercising a governmental function, and was responsible to its employees engaged in that particular branch of service for damages caused by negligence or breach of duty. The question of negligence was left to the jury by a proper charge.

We find no error in the record.

Affirmed.