## HARBIN et al. v. CITY OF BEAUMONT et al.

### No. 3739.

Court of Civil Appeals of Texas. Beaumont.
Nov. 20, 1940.

Rehearing Denied Dec. 11, 1940.

Strickland, Ewers & Wilkins, of Mission, W. O. Bowers, Jr., of Beaumont, and Orville I. Cox and R. D. Cox, Jr., both of Mission, for appellant.

Baker, Botts, Andrews & Wharton, of Houston, and E. B. Votaw, City Atty., of Beaumont, for appellees.

WALKER, Chief Justice.

On or about the 16th day of June, 1938, Walter L. Harbin, an employee of appellee, City of Beaumont, while working on Weiss street, in the City of Beaumont, in the course of his employment—filling up and repairing a hole in the street made by appellee, United Gas Corporation, in repairing its gas main—was run over while in the hole by M. D. Lee, and killed. Lee drove his truck across the hole, inflicting on Harbin serious injuries, from which he died June 23, 1938. This suit was filed in district court of Jefferson county by Henrietta Harbin, surviving widow of the deceased, and their two children, Beulah Harbin and Jesse R. Harbin, sole heirs at law of the deceased, praying for judgment for the damages suffered by them because of the death of Walter L. Harbin. They named as defendants the City of Beaumont, the United Gas Corporation, and M. D. Lee.

On trial to a jury, judgment was entered in favor of United Gas Corporation on an instructed verdict, of which no complaint is made on this appeal. The jury found that the two children of the deceased had suffered no damages because of the death of their father, and no complaint is made against that finding. M. D. Lee filed no answer, and judgment was entered against him in favor of Henrietta Harbin for $10,500, the amount of her damages as assessed by the jury, and no complaint is made of that judgment.

Appellee, City of Beaumont, filed its motion for judgment non obstante veredicto, and subject thereto for judgment on the jury's verdict. The motion for judgment non obstante veredicto was overruled, but judgment was in favor of appellee on the verdict that Henrietta Harbin take nothing, from which she has prosecuted her appeal to this court.

Henrietta Harbin, hereinafter referred to as appellant, alleged that the City of Beaumont, hereinafter referred to as appellee, was guilty of negligence proximately causing the death of Walter L. Harbin in the following respects, summarized from her brief:

"(a) In failing to place and maintain a signal, device or barricade to warn persons passing along the street of the hole or excavation;

"(b) In failing to place some signal or warning sign or device around the excavation sufficient to warn of the dangerous condition existing by reason of the excavation and to warn of the perilous position of the workman in the hole;

"(c) In failing to provide ample and sufficient safeguards and protection for the said Harbin while repairing the street;

"(d) In permitting traffic to pass along the street and over and across the excavated hole while the said Harbin was working therein;

"(e) In failing to provide a safe and secure place in which the said Walter L. Harbin could perform the work required of him by the City of Beaumont."

Appellee answered by general and special demurrers, and by pleading specially the defensive issues submitted to the jury. The jury made the following findings on the issues of negligence plead by appellant against appellee, and on appellee's defensive issues:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant, City of Beaumont, failed to place and maintain a barricade sufficient to warn ordinary prudent persons driving upon Weiss Street of the hole or excavation in which said Walter L. Harbin was working on the afternoon of June 17, 1938. Answer: No.

"Special Issue No. 4. Do you find from a preponderance of the evidence that the defendant, City of Beaumont, failed to furnish a reasonably safe place for Walter L. Harbin to work at the time and on the occasion of his injuries? Answer: Yes.

"Special Issue No. 5. If you have answered Special Issue No. 4 in the affirmative, do you find from a preponderance of the evidence that such failure to furnish such reasonably safe place was negligence? Answer: Yes.

"Special Issue No. 6. If you have answered Special Issue No. 5 in the affirmative, do you find from a preponderance of the evidence that such negligence was the proximate cause of the injury sustained by Walter L. Harbin? Answer: Yes.

"Special Issue No. 17. Do you find from a preponderance of the evidence that the act of M. D. Lee in driving his automobile against and over Walter L. Harbin, was the sole, proximate cause of the injuries to Harbin? Answer: No.

"Special Issue No. 18. Do you find from a preponderance of the evidence that Walter L. Harbin was guilty of negligence in failing to erect any warning sign or signal on the occasion in question for his own protection. Answer: No.

"Special Issue No. 20. Do you find from a preponderance of the evidence that the dirt barricade around the hole in Weiss Street, at the point where Walter L. Harbin was injured, was of itself sufficient warning to motorists, exercising ordinary care, of the existence of said hole? Answer: Yes."

As stated above, United Gas Corporation dug the hole in the street to repair leaks in its gas main. After finishing the repair work, the gas company filled the hole with dirt and notified appellee. Appellee then sent Harbin, the deceased, and other workmen to repair the street, but did not furnish them barricades to guard the hole. While Harbin was working in the hole, Lee drove his truck across the hole and killed Harbin. In cleaning out the hole, Harbin built a dirt barricade around it, about 18 inches high.

The jury found against appellant on all issues of negligence except that appellee was guilty of negligence in failing to furnish Walter L. Harbin "a reasonably safe place to work"; the jury found that appellee was not guilty of negligence in failing to maintain a "barricade" around the hole, and that the dirt

barricade made by the deceased was itself "sufficient warning."

■ Appellee owed Walter L. Harbin the duty to use ordinary care to furnish him a reasonably safe place to work. City of Galveston v. Rowan, 5 Cir., 20 F.2d 501; Magnolia Pet. Co. v. Studdard, Tex.Civ.App., 84 S.W.2d 1047; Texas City Transportation Co. v. Winters, Tex.Civ.App., 193 S.W. 366. But the exercise of ordinary care to furnish Harbin a reasonably safe place to work was the full measure of appellee's duty to him; appellee was not the insurer of Harbin's safety. Authorities supra. Appellee did not owe Harbin the duty, on the facts alleged by appellant, of closing the street against ordinary street traffic. Harbin's employment contemplated that the street would be so used, and appellee's duty was simply to exercise ordinary care to protect him from the dangers of the street traffic.

■ Appellant charged negligence against appellee in failing to erect a barricade, or some other kind of guard or warning, around the hole; the allegation that appellee was negligent in failing to furnish Harbin a "reasonably safe place to work" was simply a conclusion of law drawn by her from the special acts of negligence charged in her petition. On the facts alleged, appellee owed Harbin no other duty than to maintain a barricade, sign, or warning signal around the hole. These issues went to the jury and were found against appellant; by the answer to question No. 1, the jury acquitted appellee of every special act of negligence charged against it; not only that, but rebutting appellant's acts of special negligence, the jury found that the dirt barricade erected by Harbin was a sufficient warning to motorists—a sufficient protection from motorists. It conclusively follows that the jury acquitted appellee of every special act of negligence charged by appellant as constituting a proximate cause of Harbin's death, and found that appellee, through Harbin himself, had discharged the duty imposed by law on appellee of exercising ordinary care for his protection while working in the hole. Schawe v. Leyendecker, Tex.Civ.App., 269 S.W. 864, is directly in point, holding that a "sufficient" dirt barricade discharged appellee's duty of warning a motorist that Harbin was working in the hole. This theory supports the judgment.

■ But appellant says that the jury found that appellee failed to furnish Harbin a reasonably safe place to work, and that this was the ultimate issue in the case. On appellant's petition, having plead special facts invoking appellee's duty to guard the hole, the additional allegation that appellee was guilty of negligence in failing to furnish Harbin a reasonably safe place to work was a mere legal conclusion, flowing from the special facts, and was not a plea of a special act of negligence. Having acquitted appellee of all special acts of negligence, the finding of the jury that appellee was guilty of negligence in not furnishing Harbin a reasonably safe place to work was nothing more than the jury's conclusion of law, which has no support in the facts found, and therefore cannot support a judgment. Brewster v. City of Forney, Tex.Com.App., 223 S.W. 175, 177; Texas & P. Railway Co. v. Langebehn, 150 S.W. 1188; Kahn v. Cole, Tex.Civ.App., 227 S.W. 556, 557; Watson v. Patrick, Tex.Civ.App., 174 S.W. 632; Pickrell v. Imperial Pet. Co., Tex.Civ.App., 231 S.W. 412; Houston Oil Co. v. Howard, Tex.Civ.App., 256 S.W. 340, affirmed, Tex.Com.App., 294 S.W. 848. This theory supports the judgment.

■ If appellant's theory of negligence that the special findings must yield to the general finding, and that the general finding must be construed as a finding on the ultimate issue, be conceded, yet judgment was properly rendered for appellee on the issue of proximate cause. On the undisputed evidence the negligence of appellee in failing to furnish Harbin a reasonably safe place to work was not a proximate cause of his death. Mr. Lee's eyesight was so defective that, on the undisputed evidence, he could not have seen any sort of barricade, sign, or warning signal that appellee, in the exercise of ordinary care for the safety of Harbin, should have erected around the hole. Had appellee exercised every care charged against it by appellant, by erecting the barricade, sign, or warning signal, yet, on the undisputed evidence, Lee would have driven over the hole just as he did. So, appellee's negligence in failing to furnish Harbin a reasonably safe place to work was not, as a matter of law, a proximate cause of his death. Richardson v. Hills, Tex.Civ.App., 104 S.W.2d 151. This theory supports the judgment.

There is nothing in the record visiting appellee with notice to protect Mr. Harbin from the negligence of a blind man driving his car on the street; since on the undisputed evidence Mr. Lee could not see the hole and the dirt barricade, appellant failed to establish the essential element of foreseeableness. On that issue, as a matter of law, appellant failed to support her allegation of proximate cause. Texas & P. R. Co. v. Bigham, 90 Tex. 223, 38 S.W. 162. This theory supports the judgment.

Cuniff v. Bernard Corp., Tex.Civ. App., 94 S.W.2d 577, 580, answers appellant's contention of conflict between the general and special findings. In that case Judge Combs, speaking for this court, said: "But, even if the special findings be treated as contradictory of the general issues submitting the 10-year statute of limitation, still the special findings of recognition must be given controlling effect. In such case the general finding is treated as a mere legal conclusion, the effect of which is destroyed by the adverse finding of a controlling fact upon which such conclusion rests."

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.

O'QUINN, J., dissents.