**CITY OF AMARILLO, Appellant,**
v.
**Olive COPELAND, Appellee.**

**No. 15125.**

United States Court of Appeals,
Fifth Circuit.

Dec. 29, 1954.

Rehearing Denied Feb. 2, 1955.

Ben Monning, Jr., Monning & Monning, Amarillo, Tex., for appellant.

J. O. Fitzjarrald, Merchant & Fitzjarrald, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Brought by the widow of Dewey Copeland, deceased, an employee in the Street Department of the City of Amarillo, the suit was for his wrongful death as a result of being run over, by an automobile driven by one Ollie Kincaid, while Copeland was about his regular work in repairing the streets and curbs.

The claim was that his death was due to and caused by defendant's negligence in failing in the particulars set out in the complaint to furnish him a safe place to work and particularly in not installing and maintaining suitable and sufficient barricades or barriers, and in failing to furnish and provide a flagman.

The defenses were: (1) that the driver of the automobile was in a state of intoxication which unfitted her to drive and that her acts of negligence were the sole proximate cause of plaintiff's injury; (2) that plaintiff was an experienced street laborer and assumed the known risks incident to the work, including the risk from which his death resulted, of being struck by a passing car; (3) unavoidable accident; (4) a denial that the defendant was negligent in the respects pleaded; (5) an affirmative plea that it had provided adequate and suitable barricades; and (6) that the injury and death were the result of

the negligence of fellow servants of the deceased.

Instead of filing a third party complaint against Mrs. Ollie B. Kincaid, the driver of the car which caused the injury, and her husband, Cecil B. Kincaid, in which all questions arising out of the agreement of settlement [1] made between Mrs. Copeland, plaintiff in this suit, the two Kincaids, and the insurance carrier could be presented and determined, defendant undertook to take advantage of the settlement, by motion to dismiss the suit, on the ground that the settlement with, and release of, the Kincaids was also a release of the city, and by motion to join the Kincaids and their insurance carrier as indispensable parties.

The evidence concluded, the cause was sent to the jury on a general charge which carefully submitted the issues raised by the evidence, and there was a verdict for plaintiff for $15,000, followed by a judgment for $7500,[2] and defendant has appealed, assigning as error the failure and refusal of the court to direct a verdict for the defendant.

In support of this general claim of error, appellant advances three grounds, (1) that as matter of law the negligence of the drunken driver of the death car was the sole proximate cause of Copeland's death; (2) that Copeland was an experienced street employee, and that as matter of law he assumed the risk of being struck by a car while working in the streets; and (3) that the settlement appellee made with the driver of the car in and by which she agreed to indemnify her in the event the city should seek contribution or indemnity from her had the effect of releasing the city and preventing plaintiff from recovering from it, or if it did not have that effect it had the effect of offsetting the recovery by the same amount which, as a matter of law, under the undisputed facts, the city was entitled to recover as indemnity from the driver of the death car.

---

1. In substance this agreement: (1) provided that in consideration of $5000 paid, Mrs. Copeland would not further prosecute a claim or demand against Mr. and Mrs. Kincaid or the insurance company or permit any other person, firm, or corporation to do so; (2) reciting, "It is the intention of the parties that this instrument is not a release and is not full payment or satisfaction of all the damage sustained by her, and she fully, completely, and in all respects reserves all rights of every kind and character that she had against the City of Amarillo", declared that it is not intended to, and it does not release the City; (3) further provided that it was not an admission of liability on the part of the Kincaids; (4) further provided that for the same consideration Mrs. Copeland agrees to indemnify and hold harmless the other parties to the agreement and to reimburse and fully indemnify them for any and all legal liability arising out of said accident whether the same may be asserted by Mrs. Copeland or any other person or by the City of Amarillo, and agrees *that Mrs. Copeland will pay off and discharge any judgment that may be obtained by any person, firm, or corporation against the other parties to* the instrument; (5) further declared that Mrs. Copeland accepts and agrees and binds herself to plead this contract and release in a motion to dismiss in the event a claim herein is asserted against the other parties and agrees to fully indemnify said parties; finally it agreed that, for the same consideration, she transfers and assigns to the insurance company an interest in her cause of action against the city and any judgment obtained against the city in order to fully secure the covenants, agreements and warranties made.

2. The judgment reciting, the verdict for $15,000, that the plaintiff had theretofore received $5000 and that in connection with the payment plaintiff had executed a covenant not to sue and retained her right of action against the city, that the verdict is subject to a credit of $5000 and further that plaintiff should recover only $7500 as against the city. It further found that all necessary parties were before the court. Finally reciting that the court being mindful that prospective litigation between the city and the Kincaids may present an issue of indemnity by the city in connection with the agreement of settlement which would bear on this judgment, it was ordered that any execution on the judgment should wait further orders of the court and any sum which may be paid in satisfaction of it should be held in the registry.

Pointing to the evidence showing the highly intoxicated state of the driver of the car, appellant insists that the City was not required to foresee or anticipate such an occurrence in violation of law, and, therefore, was under no duty to provide protection against such an injury, and could not be held accountable therefor.

Upon its second point, that plaintiff assumed the risk of being injured by working in the streets, defendant, citing many cases dealing with the doctrine of assumed risk, insists that by the nature of his occupation plaintiff's decedent was subjected to such a hazard as caused his death and under his contract of employment he assumed the risks thereof.

In support of its third point, appellant insists that the instrument of release and settlement between plaintiff and the Kincaids operated either as a release of the city as a joint tort-feasor or had the effect of preventing circuity of action ascribed to a similar instrument in Panhandle Gravel Co. v. Wilson, Tex.Civ. App., 248 S.W.2d 779.

Appellee as stoutly insists: that the verdict of the jury has foreclosed all arguments on the question of negligence and that the judgment was right and should be affirmed. So insisting, she urges upon us: that, under the evidence, the questions, whether plaintiff assumed the risk and whether the negligence of the driver was the sole proximate cause of the injury, were, at best for defendant, questions for the jury; that, upon evidence fully supporting its findings, the jury has found for plaintiff in effect that the city was negligent in not furnishing her decedent a safe place to work by furnishing proper barriers or other adequate warning; and that this was a proximate cause of the injury.

As to the release of the driver and the covenant to indemnify her in the event of a claim against her by the City of Amarillo, appellee insists that the instrument in question was not intended to be,

and was not, a release of appellee's claim against the city but, on the contrary, it expressly provided that it would not be. So insisting, she urges upon us: that nothing in it or in any other circumstance or fact in the case operates to prevent the maintenance of the suit or the recovery of the judgment; that the court's action in reducing the judgment by one-half has given effect to the agreement not as a release in full but as a release pro tanto; and that Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, rather than the Panhandle Gravel Co. case, supra, governs and controls here.

■■ We find ourselves in complete agreement with appellee's contentions, (1) as to the sufficiency of the evidence to sustain the verdict, and (2) that it was not error to refuse to direct a verdict in the city's favor on either of the grounds put forward by defendant. The law imposes,[3] and the city, by maintaining barriers or barricades until shortly before the accident occurred, recognized, a duty to exercise due care to protect from passing vehicular traffic employees compelled to work in and on the street. The undisputed evidence shows: that until shortly before the accident occurred a truck was so placed with reference to plaintiff's decedent as to constitute a barricade or barrier; that this truck was moved only a short time before the accident, and that if the truck had been there, the accident would almost certainly have not occurred.

There is, therefore, no basis whatever for the view that, as matter of law, the defendant was expected to work and assume not only the ordinary risk of working in a much traveled street where due care had been exercised by the city, but the risk flowing from and caused by the city's negligence. The questions of due care and assumed risk were for the jury, they were submitted to them under proper instructions, and the evidence amply sustains its finding.

3. City of Denton v. White, Tex.Civ.App., 179 S.W.2d 834; Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297.

**52**

Appellant's reliance on Harbin v. City of Beaumont, Tex.Civ.App., 146 S.W.2d 297 will not at all do. It was expressly decided in that case, on the basis of settled law in Texas, that the city owed a duty of due care to a street worker to provide proper barricades or barriers. The statements in the opinion, on which appellant relies as to the nonforeseeability of the accident and the injury to a street worker, caused by being hit by a driver whose vision was greatly defective, were not necessary to the decision of the case and were not made as a statement of Texas law. They were made in a discussion of inconsistent findings in a special verdict. To the extent that they are, or may be, relied on as stating the law of Texas upon the issue of proximate cause, they do not, in our opinion, correctly apply the stated principle. Besides, if the language in the case was not dicta and is to be regarded as a correct statement of Texas law as applied to the facts of that case, those facts are not in any sense the same as those here. For there, which is not the case here, the court found that the driver's "eyesight was so defective that on the undisputed evidence he could not have seen any sort of barricade, sign, or warning signal that appellee, in the exercise of ordinary care for the safety of Harbin, should have erected around the hole. Had appellee exercised every care charged against it by appellant by erecting the barricade, sign, or warning signal, yet, on the undisputed evidence, Lee would have driven over the hole just as he did."

Neither does appellant stand any better on its contention that the act of the drunken driver was the sole proximate cause of the injury. To claim that this is so is to deny what the evidence affirms, that, but for the defendant's negligence in not furnishing proper barriers and safeguards, plaintiff's decedent would in all reasonable probability not have been struck and killed. In short, the case is simply and solely a fact case for the jury, and the directed verdict was properly refused.

 Finally, we are of the opinion that the district judge took the correct course in respect to the settlement. Of the evident opinion that the city, while as matter of law entitled to contribution, might not be entitled to indemnity, he, in accordance with the Gattegno case, supra, awarded the city contribution by reducing the plaintiff's judgment one-half as the law of Texas requires.[4] By deferring execution and keeping control of the judgment as to the other one-half, he afforded the city an opportunity to obtain, if it could, a judgment of indemnity against the Kincaids. The different result arrived at and action taken in Panhandle Gravel Co. v. Wilson, supra, was based upon, and only upon, the view of the court that, as matter of law, Panhandle Gravel Company was entitled to indemnity and that to avoid circuitous action, the indemnity would be afforded in the tort suit.

The judgment was right. It is affirmed.

---

4. Cf. Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 140 A.L.R. 1301; Austin Road Co. v. Pope, 147 Tex. 430, 216 S. W.2d 563.