**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**W. J. BOURNE, Jr., et al., Appellees.**

**No. 15271.**

United States Court of Appeals, Fifth Circuit.

March 30, 1955.

Richard H. Switzer, Harry A. Johnson, Jr., Shreveport, La., for appellant.

G. M. Bodenheimer, Jr., Shreveport, La., Browne, Browne & Bodenheimer, Shreveport, La., for appellees.

Before HUTCHESON, Chief Judge, BORAH, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

Plaintiffs below, Bourne, the owner and driver of the automobile, and two guests claiming damages as a result of a collision with a car being negligently driven by one Lewis, brought this suit under the Louisiana Direct Action Statute, LSA–R.S. 22:655, against appellant as Lewis's liability insurer, joining in the suit Texas Bitulithic Corporation, Lewis's employer, and Massachusetts Bonding and Insurance Company, as its liability and insurance carrier.

All of the defendants answered the complaint, but, after answer filed and before the cause was reached for trial, each of the plaintiffs settled[1] with and executed separate releases in favor of Texas Bitulithic Corporation and Massachusetts Bonding and Insurance Company, and dismissed them from the suit, retaining and reserving, however, their rights against defendant-appellant.

Thereafter the cause came on for trial as between plaintiffs and the remaining defendant, and there was a jury verdict[2]

which includes everything from the shoulder blade to the tip of the fingers, it is my opinion that the residual disability is twenty per cent permanent partial disability of the whole right upper extremity."

1. Bourne received $2250.00; Shamburger received $1250.00 and Shropshire received $500.00.

2. For the plaintiff Bourne in the amount of $7999.84; for the plaintiff Shamburger, $3790.82; and for the plaintiff Shropshire, $1000.00.

for plaintiffs and a judgment for each plaintiff for the amount of his verdict less the amount received by each in settlement.

Appealing from that judgment, defendant is here on four specifications of error [3] insisting that the trial was attended with prejudicial error and the judgment must be reversed.

Appellees, on their part, urge upon us that there was no error in any of the matters claimed and that, if there was, it was not of a prejudicial nature requiring reversal.

We agree with appellees that this is so.

■ All that appellant makes, or can make, out of Article 2203 of the Louisiana Statutes Annotated—Civil Code,[4] on which it strongly relies, is, as stated in its brief, that appellant "is entitled to a credit on any liability it might have to appellees of the amount which they receive through settlements of their claims against appellant's original co-defendants". Though appellees, citing Guarisco v. Pennsylvania Cas. Co., 209 La. 435, 24 So.2d 678, contests this, the district judge recognized that this was so and gave judgment for the plaintiffs not for the full amount of the verdict but for that amount less what they had received in settlement.

■ If, then, we should agree with appellant that it was permissible and would have been proper for the court to in-struct the jury to deduct from the amount determined by them as proper to be awarded, amounts already received by the plaintiffs by virtue of their settlements,[5] this would not avail appellant, for we should be bound to conclude that the other course was permissible also and who can say that plaintiff suffered prejudice from the choice made by the court, indeed it appears reasonable that he was perhaps advantaged thereby. As appellees point out in their brief at page 5; "The other method would be to place evidence before the jury, with instructions to render a verdict, less the amount received. It occurs to us that this latter procedure, which is the procedure the present appellant contends is proper, would actually work to the disfavor of the defendant (appellant), because, who would be able to positively say if the latter method were adopted, that the jury actually estimated the injury to the plaintiff and then deducted what he had already received.[6] We can say positively when the former method is employed, that the jury has brought in a verdict in an amount which they believe will adequately and justly compensate the plaintiff, that the proper deduction has been made because the Judge himself in the judgment makes the proper deduction."

■ Appellate courts do not sit to review claims of procedural errors where it is plain, as here, that no substantial

---

3. Specifications of Error:

No. 1. The refusal of the court to permit appellant to make proof of the fact that each plaintiff had settled his case and the amount that each had received in settlement.

No. 2. "Permitting appellee Bourne to prove the value of his automobile solely through his own testimony over the objection of appellant."

No. 3. The denial of defendant's motion for a directed verdict on the ground that Lewis was not guilty of negligence.

No. 4. The denial of a directed verdict on the ground that plaintiffs were guilty of contributory negligence.

4. Article 2203 of the Louisiana Statutes Annotated—Civil Code provides:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.

"In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."

5. Cf. Bolton v. Ziegler, D.C., 111 F.Supp. 516, 532, in which District Judge Graven, dealing exhaustively with the procedural aspects of this question, states: "Federal cases involving the matter are so few in number that it cannot well be said that a federal rule has been established." Cf. City of Amarillo v. Copeland, 5 Cir., 218 F.2d 49; Gattegno v. The Parisian, Tex. Com.App., 53 S.W.2d 1005.

6. Cf. what is said in 28 Iowa Law Review, 1943, p. 515, at pages 524–525.

prejudice could possibly have resulted and the questions, therefore, are mere abstractions.[7]

■ Specification of Error No. 2 is likewise without merit. In the first place the district judge did not permit appellee to prove the value of his automobile solely upon his own testimony as now claimed by appellant. In the second place, no such objection was made in connection with Bourne's testimony, and in the third place, the objection made by defendant went not to the admissibility but to the weight of Bourne's testimony. This is the record with respect to it. After Bourne had testified to what happened to the car, this question was asked:

"After the accident, was it repairable?"

and this answer given:

"No, Sir, it was totally demolished."

Whereupon counsel for defendant objected:

"If the court please, I object to that. The witness is not a mechanic."

Upon the court's stating that he would let the question be answered and that the defendant could go into the matter fully on cross examination, no further objection or complaint was made. Defendant made no request to charge upon the matter, and no complaint whatever was made of the charge.[8]

■ Of the third and fourth specifications, in effect that as matter of law defendant should have had an instructed verdict because there was no evidence of negligence on the part of Lewis, and if there was, plaintiffs were themselves negligent and their negligence was the proximate cause of the injury, it is sufficient to say without undertaking to set the evidence out that the case was peculiarly a fact case requiring a jury verdict. Lewis himself, though claiming that the accident was caused because he skidded on a wet and slippery pavement, admitted in a pre-trial statement that he was at fault in the accident since his truck skidded in front of the car. Bourne testified that the curve around which Lewis was driving was a banked curve and that when he was some 150 to 175 feet away he saw Lewis in the long lane of traffic taking the lower side of the banked curve, and Lewis then began turning to his side of the road but skidded into collision.

This testimony alone, to say nothing of other supporting testimony, makes it clear that there was evidence from which the jury could have found Lewis negligent and Bourne not. In addition, appellant itself admits that the contributory negligence, if any, of Bourne could not affect the claims of the other appellees.

No prejudicial error having been shown, the judgment must be, and it is affirmed.

---

7. Maryland Cas. Co. v. Reid, 5 Cir., 76 F. 2d 30.

8. This correctly stated to the jury:
"The automobile did belong to Mr. Bourne, so if any recovery is given for the automobile, that should go to Mr. Bourne. As to how much Mr. Bourne should get for that automobile, you heard the evidence and, Mr. Bodenheimer, correct me if I am in error, it was a 1952 Nash and it had some thirty thousand miles. You can form your own conclusions as to what the car was worth and you are entitled to take that into consideration with what you know about the case. The accident happened in July, 1953 and you are to consider the value of the automobile as of July, 1953. That is enough for the automobile."