Myrtie PREWITT et al., Appellants,

v.

Jessie Fay WALLER, Appellee.

No. 17001.

Court of Civil Appeals of Texas.

Dallas.

Dec. 29, 1967.

Rehearing Denied Feb. 2, 1968.

Sam Rodehaver of Hooks & Wyrick, Dallas, for appellants.

Gerald R. Coplin of Passman, Jones, Stewart, Andrews & Hunter, Dallas, for appellee.

DIXON, Chief Justice.

Myrtie Prewitt and Duggan Prewitt, individually and doing business as Prewitt Cleaners, have appealed from a judgment of $9,500 in favor of appellee Jessie Fay Waller, who was an employee of appellants.

The suit is a common law action for damages alleged to have been sustained by appellee Waller when she fell over a rubber rug or mat while in the course of her employment on premises where appellants were operating their business. Appellee further alleged that appellants did not carry workmen's compensation insurance, though eligible to do so; therefore under Art. 8306, Sections 1 and 4, Vernon's Ann.Civ.St., appellants were not entitled to the defense of contributory negligence.

Appellants made Guy Lewis, an insurance agent, a third party defendant. They alleged that some time before appellee's accident they had applied through Lewis for workmen's compensation insurance, but Lewis had negligently failed to present their application to the company he represented. The third party action against Lewis was severed from appellee Waller's suit and this appeal is concerned only with the judgment against the Prewitts.

In an amended petition appellee alleges that on August 6, 1964 she was an employee of appellants' at 4313 Bryan Street in the City of Dallas, one of two locations where appellants operated their business. On the occasion in question upon arriving at work at about 7:15 A.M. while she was walking down an aisle she stumbled and fell over a rubber rug which had been left protruding in the aisle. As a result she suffered serious injuries.

In her amended petition appellee alleged that appellants were negligent (1) in failing to furnish her a safe place in which to

work; (2) in failing to remove the mat upon which appellee tripped and fell; and (3) in failing to provide safety appliances, including the mat, which were of such a kind, nature and character as to be safe.

Appellants filed a motion for judgment *non obstante veredicto* which was overruled. The court rendered judgment based on the jury verdict.

We shall first consider appellants' third point of error in which they assert error on the part of the court in accepting the jury's finding in answering Special Issue No. 10. They say that there is no evidence to support the jury's finding that on the day of the accident appellants had in their employ three or more employees. Issues on contributory negligence were conditionally submitted. Having answered "Yes" to Special Issue No. 10 the jury, pursuant to the court's instructions, did not answer the contributory negligence issues.

■■■ We see no merit in appellants' third point. Appellants claim that on August 4, 1964 appellee Waller was the only employee working at their Bryan Street place of business. But the evidence is undisputed that there were other employees working at appellants' other place of business, 4002 Urban Street. The two establishments constituted one enterprise. The workmen's compensation law under such circumstances is applicable to all employees. Barron v. Standard Accident Ins. Co., 122 Tex. 179, 53 S.W.2d 769 (1932); Merrick v. Street, 91 S.W.2d 851 (Tex.Civ.App., Fort Worth 1936). There was testimony from Myrtie Prewitt that during the month of August 1964 there were perhaps seven and at least five employees of appellants. Appellee Waller testified that during the year 1964 there were at least four employees working for appellants at their two locations. The third point of error is overruled.

■■■ In their fourth point on appeal appellants assert error on the part of the court in admitting the testimony of Guy Lewis, appellants' insurance agent, that on August 10, 1964, four days after the accident, appellants applied for a policy of workmen's compensation insurance. Appellee offered the testimony for the purpose of showing from the payroll data and other information contained in the application signed by appellants, that they had more than three employees during 1964.

Lewis' testimony does not show the number of employees of appellants prior to the accident. It is too indefinite to serve the purpose for which it was offered. We think it was error to admit the testimony.

But we must hold that under the circumstances the error was harmless because the testimony of Myrtie Prewitt herself will support a finding that appellants employed more than three employees during August 1964. Appellants' fourth point is overruled.

■■■ We turn now to appellants' first point of error. Appellants say that there is no evidence to support the jury's answers to Special Issues Nos. 5 and 6.*

---

\* Among the issues submitted were the following:
"SPECIAL ISSUE NO. 5:
Do you find from a preponderance of the evidence that at the time of, and before the incident in question, the Defendants, Myrtie Prewitt and Duggan Prewitt, doing business as Prewitt Cleaners, failed to furnish Jessie Fay Waller a reasonably safe place in which to do her work?
By the term 'a reasonably safe place to work' is meant such a place as an ordinary prudent person would have maintained and furnished under the same or similar circumstances.
Answer 'They failed' or 'No.'
ANSWER: THEY FAILED
"If you have answered the preceding Special Issue 'They failed' then answer the following issue; otherwise, do not answer it.
"SPECIAL ISSUE NO. 6:
Do you find from a preponderance of the evidence that such failure, if any you have found in answer to the preceding Special Issue, was a proximate cause of the injuries, if any, sustained by Jessie

We do not agree with appellants' contention that there is no evidence to support the jury's answers to Special Issues Nos. 5 and 6. It is undisputed that appellee Waller testified that she was familiar with the place of businesss on Bryan Street, having worked there about a year before the accident; that as she came around the end of a table by the spotting board she tripped and fell over a small mat that ordinarily was under the spotting board, but on this occasion had been pulled out into the aisle and left there; the cause of her stumbling and falling was that the mat was left out of place—it was sticking out into the aisle, though it should have been under the spotting board; that she had been up and down the aisle every day the past year and wasn't expecting the mat to be there; that the mat was supposed to be completely out of the walkway.

Another witness, Mrs. Borak, who is appellee Waller's sister, testified that she came to the Bryan Street location in response to an emergency call when her sister was injured; that she didn't see the mat and that she too stumbled over it. Mrs. Borak also quoted Myrtie Prewitt as having stated at the time of the accident that the clean-up men were at the location the night before and they did not put the mat back in place. Mrs. Prewitt did not deny having made the statement.

We think there is ample evidence to support the jury's answers to Special Issues Nos. 5 and 6. Appellant's first point is overruled.

 In their second point appellants assert that the court, after disregarding the jury's answers to Special Issues Nos. 5

and 6, should have rendered judgment in appellants' favor based on the jury's answer to Special Issue No. 7. We do not agree.

The issue inquired whether the jury found from a preponderance of the evidence that appellants failed to provide a rubber matting of the kind, quality and character that an ordinarily prudent person would have provided under the same or similar circumstances. The jury answered "No."

It will be observed that the issue is limited to the question of the kind, quality and character of the mat. It does not include or even remotely touch on the issue of the alleged negligence of appellants in placing the mat in the aisle where it did not belong or in failing to remove the mat from the aisle.

On the other hand Special Issue No. 5 is broad enough to encompass and include and does encompass and include the alleged negligent placing of the mat in the aisle. The evidence was sufficient to support a jury finding that the placing of the mat in the aisle and not removing it from the aisle amounted to a failure of appellants to provide appellee with a safe place to work.

Appellants argue that the special finding in regard to the condition of the mat must control the general finding of an unsafe place to work, citing Harbin v. City of Beaumont, 146 S.W.2d 297 (Tex.Civ.App., Beaumont 1940, dis., jdgmt cor.).

We do not disagree with the holding or the judgment in the Harbin case. It is plainly distinguishable from the case now before us. In *Harbin* the court expressly states that the jury acquitted the defendant of every special act charged by the plaintiff.

Fay Waller at the time and on the occasion in question?
 Answer 'Yes' or 'No.'
 ANSWER: YES
"If you have answered Special Issue No. 4 'Yes,' then answer the following issue; otherwise, do not answer it.
"SPECIAL ISSUE NO. 7:
 Do you find from a preponderance of the evidence that at the time and on the occasion in question, the Defendants, Myrtie Prewitt and Duggan Prewitt, do-

ing business as Prewitt Cleaners, failed to provide, on the premises in question, rubber matting of the kind, quality and character that·an ordinary prudent person would have provided under the same or similar circumstances?
 Answer 'They failed' or 'No.'
 ANSWER: NO."
 The answer to Special Issue No. 4 was that the injury to appellee Waller was sustained in the course of her employment.

Consequently the finding that the defendant failed to furnish plaintiff a safe place to work was a mere legal conclusion unsupported by the facts. Further, the court stated that the undisputed evidence showed that the negligence of defendant in failing to furnish a safe place to work was not a proximate cause of plaintiff's injuries.

In the present case the court did not *specifically* submit both of the special acts of negligence pleaded by appellee, both of which are supported by evidence. And certainly there is evidence that the placing of the mat was a proximate cause of appellee's injuries.

It may be argued that Special Issue No. 5 as worded is more general and broad in its scope than it ought to be. But no objection was made to the submission of the issue or to its form. That being so, appellants cannot now be heard to complain that the issue is not sufficiently specific. Frozen Foods Express v. Odom, 229 S.W.2d 92, 94 (Tex.Civ.App., Eastland 1950, writ ref'd n.r.e.).

Appellants' second point is overruled.

The judgment of the trial court is affirmed.